# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2757 | **DATE** | June 11, 2002 |
| **CASE TITLE** | BERMAN V. MINNESOTA LIFE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to amend the Memorandum Opinion of May 16, 2002
[ ] is denied. The parties are instructed to contact the minute clerk to schedule a settlement conference (for any Wednesday) at 312/435-5849. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | **Document Number** | |
| | No notices required. | | | number of notices | | | |
| X | Notices MAILED by judge's staff. | | | JUN 14 2002 | | | |
| | Notified counsel by telephone. | | | date docketed | | | |
| | Docketing to mail notices. | | | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | | | |
| | Copy to _____ | | | 6/12/02 | | | |
| KAM | courtroom deputy's initials | | | date mailed notice | | | |

U.S. DISTRICT COURT
CLERK
02 JUN 13 PM 4: 27

KAM
mailing deputy initials

(Reserved for use by the Court)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JESSICA BERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MINNESOTA LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | No. 00 C 2757 |



DOCKETED
JUN 1 4 2002

### MEMORANDUM OPINION

Defendant, Minnesota Life Insurance Company ("Minnesota Life"), moves to amend the Memorandum Opinion dated May 16, 2002, in which we held that Minnesota Life proximately caused the late payment of premiums on plaintiff's insurance policies. Defendant contends that the evidence offered by plaintiff with regard to the parties' cross-motions for summary judgment presents a genuine issue of material fact regarding proximate cause. According to defendant, three items show that defendant did initiate a charge to plaintiff's bank account on August 22, 1997, as defendant had represented to plaintiff that it would do, and thus that defendant did not proximately cause the default.

We first note that defendant did not make this argument in its earlier briefs. In fact, defendant made the following admission in its statement of material facts: "For the premium due on August 21,

1997, the actual date Minnesota Life attempted to withdraw the funds from Plaintiff's account was on August 26, 1997." (Defendant's Statement of Material Facts, ¶ 10.) Defendant repeated this statement in its memorandum of law in support of its motion. (Defendant's Memorandum at 1-2.)

Furthermore, the evidence defendant now points to does not support its argument that it initiated a charge to plaintiff's bank account on August 21 or 22, 1997. Neither of the excerpts from the deposition testimony of two Minnesota Life representatives indicate that Minnesota Life initiated a charge on either of those dates. In fact, one of the representatives was asked the following: "Do you know why the automatic bank draft for [plaintiff] in August of 1997 was not triggered on the date that she had specified or that the [computer] system had specified for the issuance of that draft?" The representative replied, "No." (Plaintiff's Statement of Facts, Ex. C, Dep. of Ruth Hallock, at 16.) The third item, a document that is Bates stamped "M00015," attached as part of Exhibit 10 to plaintiff's statement of material facts, appears to be some kind of schedule containing columns titled "check day," "run date," and "deposit date," and listing numbers and certain handwritten notations of days of the week. The document is titled "App Schedule for August 1997." Defendant does not explain what this schedule represents, what the columns represent, who prepared it, or when it was prepared. In any event, it certainly does not

show that Minnesota Life in fact initiated a charge to plaintiff's bank account on August 21 or 22, 1997.

Defendant's motion to amend the Memorandum Opinion of May 16, 2002 is denied.

DATE:          June 11, 2002


ENTER:

John F. Grady, United States District Judge